**JOHNSON et al. v. ADAMS. (No. 11677.)\***

(Court of Civil Appeals of Texas. Fort Worth. Jan. 29, 1927. Rehearing Denied Feb. 19, 1927.)

1. **Appeal and error** 🝰1054(3)—**Admitting altered note to prove contract for commissions, case being tried to the court, and other evidence supporting judgment, if error, held harmless.**

In cause tried before the court without a jury, admitting note which had been altered to show amount of commission agreed to be paid plaintiff for negotiating sale of land, if error, *held* harmless, where there was other evidence outside of note to show that parties had agreed on principal sum specified therein.

2. **Pleading** 🝰111—**Overruling plea of privilege, in absence of controverting plea after changing nature of action, held error (Rev. St. 1925, arts. 2007, 2008).**

In suit on note shown to be void, where court permitted amendment of petition to conform to the evidence, making cause one on oral contract, overruling plea of privilege, in absence of controverting plea, *held* error, in view of Rev. St. 1925, arts. 2007, 2008.

3. **Jury** 🝰14(1)—**After court permitted trial amendment, changing nature of action from suit on note to one on oral contract, defendant had right to jury trial.**

Where, in trial started before the court without jury, court permitted plaintiff, over defendant's objection, to amend his petition to conform to the evidence, changing the suit from one on a note to one on an oral contract, *held* that defendant had a right to a jury trial.

4. **Venue** 🝰77—**Defendant's right to change of venue held not waived, where plaintiff was allowed to change nature of action by trial amendment.**

In a suit begun by plaintiff on a note proved void, where plaintiff was allowed during the trial to amend his petition over defendant's objection to conform to the evidence to suit on oral contract, *defendant's right to change of venue held* not waived under facts.

5. **Jury** 🝰28(6)—**Defendant's right to jury trial held not waived, where plaintiff was allowed trial amendment changing nature of action.**

In suit begun by plaintiff before court without jury on a note proved void, defendant *held* not to have waived his right to a jury trial, after court allowed plaintiff to amend his petition, making the suit one on an oral contract.

Appeal from District Court, Denton County; Robt. H. Hopkins, Special Judge.

Suit by D. C. Adams against C. A. Johnson and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with instructions.

Hopkins & Koons, of Denton, for appellants.

Sullivan, Speer & Minor, of Denton, for appellee.

BUCK, J. D. C. Adams sued C. A. and R. L. Johnson on a note in the sum of $836.25, given for a real estate commission. The note as originally written provided that it should draw interest at 8 per cent. per annum from the payment of a vendor's lien note of $7,450, given by T. C. Dossey to the Johnsons, in part payment of a tract of land sold by the Johnsons to Dossey. It was alleged, and the facts showed, that Adams had promised the Johnsons to sell their equity in the land for cash, but in the trade with Dossey the sellers had been required to take this note, but Adams had promised to sell it to other parties, and give the owners of the land the cash therefor. In the execution of the commission note, it was provided that interest should begin to run thereon upon the payment of the purchase-money note. Also it was provided that the note should not bear interest from the date of its execution until said time. The note was left with E. W. Broadhurst, a banker, at Carrollton, in Dallas county, though the land was situated in Denton county. When Adams went to the bank to get the note, he told Broadhurst that the Johnson brothers were drawing interest on their note from Dossey, and that he should be permitted to draw interest on his note. Therefore, at Adams' instance, Broadhurst changed the date on which interest should begin to run from the payment of the purchase-money note to February 6, 1924, eleven days before the date of the note, but probably on the day the trade was consummated. Broadhurst testified that he told Adams that he would not make the change, or changes, in the note, unless it was satisfactory to the Johnsons, but in fact he never did tell them of the changes made, nor did Adams tell them. The defendants alleged that they did not execute or authorize any one else to execute any note or obligation such as was described in plaintiff's petition, and the answer was verified.

The cause was tried in the district court of Denton county, and, when this testimony was introduced as to the changes in the note, and the fact that the Johnsons had never been notified of such changes, either by Broadhurst or by Adams, the attorney of the plaintiff admitted to the court that the alteration was material. and voided the note, while contending that it was altered to conform to the intention of the parties, and was not fraudulent, but was in good faith, and he asked leave to file a trial amendment to conform to the facts. The court requested, inasmuch as a criminal trial had been set for that day, and the special venire were then assembling in the courtroom, that the counsel give the substance of the trial amendment he proposed to submit, and, if it should be allowed, the amendment could be later reduced to

---

🝰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted April 13, 1927.

writing and filed. Plaintiff's counsel then stated to the court:

"I believe, your honor, at this time, under the state of the evidence that I will file a trial amendment alleging that this change was made by Mr. Broadhurst in good faith, without any intention of injuring the rights of the Johnson brothers or any other person and in perfect good faith by him, believing that it would facilitate the closing of these deals, providing it was agreeable with the Johnson brothers, and that, if he did make his change, it was not submitted back to them, the matter had not come to my knowledge. At this time I am going to amend and enter a complete remitter of all interest on this note from its inception to the date of judgment, if any should be had. I think, your honor, that this alteration is material; in one sense it doesn't change the liability of the parties to make this remitter of any question of the interest, and I'll let my amendment show that this is the result of a contract and one entered into and evidenced by this instrument and to remit any claim of interest on the note, in any form. I think the courts have sustained this contention, and I rather think it is admissible, so I will ask the court for indulgence long enough to write an amendment at this time."

The defendants' counsel objected to the filing of a trial amendment, but insisted that, should the plaintiff be allowed to file it, such trial amendment should allege only the facts stated as above set out. The court overruled the objection, and allowed the amendment to be filed. He approved the bill of exceptions on this question with the following qualifications:

"After the testimony disclosed the note sued on had been materially altered, but that a contract had been made between the parties, under which defendants would owe plaintiff the principal sum sued for, counsel for plaintiff asked the privilege of filing a trial amendment which would conform to the proof, and offered to prepare the amendment at that time, but, owing to the fact there was an important criminal case on call next, and the courtroom was filling up with the witnesses and interested parties in that suit, I asked counsel to state the substance of his amendment, and that he could reduce it to writing and file it later. This was done, and the trial proceeded as upon the trial amendment. On the next morning the amendment was submitted to me, and I permitted its filing at that time, concluding that it was in substance as had been stated by counsel on the preceding day."

When the trial amendment was filed, while the argument of counsel was being heard, said pleading contained the following prayer:

"Wherefore plaintiff prays, as he has heretofore done in his former pleadings, with this additional, that, in the event the court should believe the alteration in said note material, then that same be considered by him only as an evidence of the former existing debt, and that he have judgment against defendants for said sum of $836.25, and for general and special relief, and, furthermore, if the court should find that the whole of said vendor's lien note had not been collected by defendants, and the whole of plaintiff's debt was not due then, for judgment for such amount thereof as the court shall conclude from the evidence was due and payable at the institution of this suit."

Counsel for defendants objected to the filing of this trial amendment in the form it was written, and with the statement of the cause of action as therein given, and further submitted his plea of privilege, setting up the fact that both of the defendants resided in Dallas county, and praying that the suit be transferred to the district court of Dallas county. The plea was in due form and verified. The court overruled said plea; no controverting affidavit having been made thereto. Then defendants prayed for a jury and tendered the jury fee, which motion the court overruled. Judgment was rendered for plaintiff, and the defendants have appealed.

### Opinion.

[1] The defendants asked the court to exclude from the testimony the note which had been introduced, and they have directed an assignment to the action of the court in refusing to exclude said instrument. In the qualification to the bill of exceptions reserving this point, the court said he did not consider said note, except for the purpose of showing the amount of commission agreed upon by the parties to the suit. Appellants urge that said note was not admissible for any purpose, and cite such cases as Benson et ux. v. Adams, 285 S. W. 818, by Commission of Appeals; Adams v. Faircloth (Tex. Civ. App.) 97 S. W. 507; Bowser v. Cole, 74 Tex. 222, 11 S. W. 1131; Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56; Wood v. Steele, 6 Wall. 80, 18 L. Ed. 725, to substantiate their claim that the trial court erred in considering said note for any purpose.

This cause having been tried before the court, and there being other evidence outside of this note to show that the parties had agreed on the principal sum specified in this note as the compensation for plaintiff, we think the error, if any, becomes immaterial.

[2-5] We are of the opinion that the trial court should have heard the defendants' plea of privilege, and, in the absence of any controverting plea, should have sustained said plea. Article 2007 of the Civil Code (Rev. St. 1925) provides that such sworn plea of privilege, when filed, shall be prima facie proof of the defendant's right to change of venue. But, if the plaintiff desires to controvert such plea of privilege, he shall within five days after appearance day file a controverting plea, under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where such cause is pending. Article 2008 provides that, upon the filing of such controverting plea, the judge or justice of the peace shall note on same a time for hearing such plea, and that such hearing

shall be had, in the absence of a waiver of time, after ten days' notice. It may be reasonably argued that the defendants were relying on their plea of material change in the note, and that as to this they were willing to have the cause tried in Denton county and before the district court without the intervention of a jury, but that, upon the plaintiff abandoning his cause of action upon the note, and relying on oral contract to recover, the defendants had the right to a trial in their own county and before a jury. We do not think that under the facts shown in the record they waived either right.

Therefore the judgment of the trial court is reversed and remanded to the district court of Denton county, with instructions to the trial court that, unless a controverting affidavit should be filed by the plaintiff, and the alleged fact of defendants' residence in Dallas county should be successfully controverted, or good cause legally shown why venue should be in Denton county, to transfer the cause to the district court of Dallas county.

Reversed and remanded, with instructions.