**ADAMS v. JOHNSON et al.    (No. 809–4827.)***

Commission of Appeals of Texas, Section B.
Oct. 5, 1927.

1. Abatement and revival ⟨key⟩81—Defendants, permitting announcement of ready for trial to continue after amended petition was filed, thereby waived right to file plea of privilege.

In action on note shown during trial to have been altered, defendants, after being fully apprised of trial amendment offered, and acquiescing in continuation of trial, and permitting their announcement of ready for trial to continue in effect after trial amendment setting up new cause of action was filed, thereby waived right to file plea of privilege to be sued in county of their residence.

2. Abatement and revival ⟨key⟩81—Plea of privilege must be filed before announcement of ready for trial on merits.

A plea of privilege must be filed before an announcement of ready for trial on the merits.

3. Alteration of instruments ⟨key⟩23—Where alterations in note for commissions were made in good faith, payee could recover on original contract forming basis of note.

Where alterations in note for commissions in the sale of land were made in good faith, payee thereof could recover on original contract which formed basis of the note.

4. Pleading ⟨key⟩248(3)—Permitting filing of trial amendment changing nature of action on note to suit for broker's commission held not error.

In action on note for commissions for sale of land, where it developed during trial that note had been altered, permitting trial amendment changing action to one for commissions *held* not error, where defendants did not claim surprise, ask for continuance, nor withdraw announcement of ready for trial.

5. Brokers ⟨key⟩75—Owner having accepted part of land back and surrendered note for price, commissions to brokers became due and payable.

Where commissions were not payable to brokers for sale of land until note for price was paid to owner in cash, when owners accepted part of the land back and surrendered note, such note was paid in so far as owner was concerned, and commissions became due and payable.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by D. C. Adams against C. A. Johnson and another. Judgment for plaintiff was reversed by the Court of Civil Appeals (291 S. W. 578), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.

Sullivan, Speer & Minor, of Denton, for plaintiff in error.

Hopkins & Koons, of Denton, for defendants in error.

POWELL, P. J.   The nature and result of this case have been admirably stated by the Court of Civil Appeals. See 291 S. W. 578. Adams sued C. A. and R. L. Johnson for a real estate commission. Both sides announced ready for trial, waiving a jury, on November 16, 1925. During the course of the trial on that day, it developed that alterations had been made in the note in suit without the knowledge or consent of the makers thereof. When that fact developed, counsel for the payee in the note asked leave to file a trial amendment, abandoning the suit upon the note, but praying for judgment for the principal amount of the note, as per the oral contract made therefor. The trial amendment also alleged that the changes in the note were innocently made. Counsel for the Johnsons objected to the filing of the trial amendment at that time, but, when such objection was overruled, they did not claim any surprise nor withdraw their announcement of ready for trial, nor ask for any continuance. But counsel for all parties proceeded with the trial upon the theory of the case as alleged in the trial amendment.

When counsel asked permission to file the trial amendment, the court stated that a venire for another case was appearing and he would prefer that the substance of such amendment be stated then and reduced to writing later. Counsel for the Johnsons did not object to this suggestion by the court, and no injury to them appears because of such procedure.

So, on the next morning, after the evidence had closed, and in the course of the argument, counsel for Adams tendered the formal written trial amendment, the substance of which had been stated the day before. At that time counsel for the Johnsons again objected to its filing, and then, for the first time, filed a plea of privilege on behalf of defendants, asking that the case be tried in Dallas county, where each of them resided. The plea of privilege was overruled by the trial court, and Adams was awarded judgment for the amount sued for in his trial amendment.

Upon appeal, the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause to that court, with instructions to the latter to sustain the plea of privilege and transfer the case to Dallas county, unless a controverting plea be duly filed and sustained.

[1] Against the last-mentioned ruling by the Court of Civil Appeals, counsel for Adams complains in the Supreme Court. His first assignment of error here, and the first proposition thereunder, read as follows:

"First Assignment of Error.

"The Court of Civil Appeals erred in sustaining the fifth assignment of error of defendants in error, which assignment is as follows:

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied November 30, 1927.

'The court erred in allowing the plaintiff to file said pleading, styled "trial amendment," in which a new cause of action was set up, in entering judgment herein and in not giving the defendants a hearing on their plea of privilege to be sued on said new cause of action in the county of their residence, and in not transferring this cause to the district court of Dallas county for trial upon such new cause of action as prayed for in defendants' plea of privilege filed herein on the 17th day of November, A. D. 1925, as is shown by defendants' bill of exception No. 5.'

"First Proposition.'

"The defendants in error waived their right to have this cause litigated in the county of their residence when they appeared and participated in this trial until all the testimony had been introduced before filing their plea."

[2] We think this assignment, and its accompanying proposition, must be sustained. It is not necessary for us to say what the rights of the Johnsons would have been had their counsel, when the trial amendment was informally filed on the first day of the trial, immediately filed a plea of privilege with or without a withdrawal of their announcement of ready for trial. No such situation is before us. The undisputed facts show that, after being fully apprised of the nature of this trial amendment, counsel for the Johnsons acquiesced in the continuation of the trial and permitted his announcement of ready for trial to stand. Nor did he, at that time, file any plea of privilege. It is well settled that a plea of privilege, under any statute we have ever had upon the subject, must at least be filed before an announcement of ready for trial upon the merits of the case. In the case at bar, counsel for the Johnsons permitted their anouncement of ready to continue in effect after the trial amendment had set up a new cause of action, and we think, unquestionably, they thereby waived their right to file a plea of privilege.

It is true that this plea of privilege was filed with due dispatch after the trial amendment was reduced to writing and formally filed, but that was on the day after the trial had proceeded, by common consent, on an informal statement of such amendment. There was no objection by counsel for the Johnsons to such an informal procedure on the part of counsel for Adams. Due care required the former, at that time, to withdraw their announcement of ready for trial and then ask for continuance on the ground of surprise, or in order that he might file a plea of privilege or ask for a trial by jury in view of the new cause of action set up. After having proceeded to the end of the testimony without asking for a trial by jury or for a transfer of the case to another county, either of such requests comes too late, and the granting of either request, as so delayed, would violate long-established rules of procedure and the orderly conduct of trials.'

[3] The application presents other assignments as reasons for a reversal of the judgment of the trial court. We have examined all of these reasons and think none of them should be sustained. The Court of Civil Appeals discusses one of such assignments and we think correctly. In this connection, the trial court found, as a fact, that the changes in the note were made in good faith, and, under all of the authorities, the payee in the note could recover on the original contract which forms the basis of the note which was later changed.

[4] Counsel for defendants in error contend that it was reversible error to permit the filing of the trial amendment. We do not think so. No injury is shown. Counsel for the Johnsons had every opportunity to ask for a continuance of the case until they could meet the new issue. They did not do so. In this connection, we quote as follows from the case of Davis v. Farwell Co. (Tex. Civ. App.) 49 S. W. 656.

"During the progress of the trial below, the court permitted plaintiff to amend its petition, inserting in the description of the land one call that had been omitted. To this action of the court the defendant excepted; the ground of exception simply being that, as there was no demurrer sustained to the petition, the trial amendment should not be allowed. Defendant did not claim to be surprised by the ruling of the court. No continuance or postponement was asked for, nor is there any injury shown by reason of said ruling. We therefore hold that this assignment is not well taken. Boren v. Billington, 82 Tex. 137, 18 S. W. 101; Insurance Co. v. Reichman (Tex. Civ. App.) 40 S. W. 831."

[5] The main defense of the Johnsons to this suit on the merits was the allegation that the $7,450 note executed to them by Dossey in this real estate transaction was not paid in cash, and that the commission to Adams was not to be paid until that happened. It is admitted that Adams never did sell this large note, as he had agreed to do, but the trial court, in his third finding of fact, said:

"(3) That Adams failed to sell or place the $7,450 note before it came due, and defendants gave two or more extensions of maturity thereon, and that in November, 1924, Dossey sold certain of the land and applied the proceeds of the sale to payment of accrued interest on the indebtedness assumed by him and $1,800 on the $7,450 note; that thereafter Dossey was unable to meet the payments on the land and the holders demanded payment thereof, and by mutual consent of said Dossey and defendants, the former reconveyed the land to the latter in payment and cancellation of the unpaid balance of the $7,450 note, and defendants retained the residence property in West Denton and reconveyed to Dossey the vacant lots and canceled and returned to Dossey the $7,450 note; that after this final settlement was made between Dossey and defendants, it was beyond the power of plaintiff to sell the $7,450 note."

That finding of fact is not assailed.

The trial court's second conclusion of law reads as follows:

"(2) That when defendants accepted the land back from Dossey and retained the Denton residence property and surrendered the note, in lieu of pursuing their remedy to rescind the deal or to sell the property out under their lien, the note for $7,450 was paid to them, and they had made it impossible to thereafter sell it, and that the brokerage of $836.25 was then due and payable to the plaintiff."

We think the trial court's conclusion is correct. The balance due on this $7,450 note might have been realized in cash had sale under forms of law been made. It should not remain in the power of any man to defeat a realtor of his commission by making a private agreement with his debtor to which the realtor, claiming a commission, is not even a party. If the property had been sold under the lien and some one had bid the balance due on the note, then the commission clearly would have been due. Under a decision by the Supreme Court of Illinois, in the case of Crane v. Eddy, 191 Ill. 645, 61 N. E. 431, 85 Am. St. Rep. 284, that would have been true, even though the Johnsons themselves had bid in the land for the amount due on the note.

We think the trial court entered the correct judgment under the facts of this case, and it is significant that the material facts seem to be undisputed.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.