**P. J. WATSON et al., Appellants,**

v.

**George W. HARRINGTON, Appellee.**

No. 10359.

Court of Civil Appeals of Texas.
Austin.

Dec. 14, 1955.

Fisher, Wood, Burney & Nesbitt, Corpus Christi, for appellants.

Joe Caldwell, Jr., Rockport, Gordon Gibson, Laredo, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the court sustaining a motion to strike pleas of privilege filed by appellants, on the ground that they had been waived.

Plaintiffs filed their original petition on October 27, 1954, in the nature of a trespass to try title, alleging damages to be one dollar for unlawful possession of the premises sued for.

There were two other defendants than appellants. Watson and Hart, appellants

herein, filed an answer containing a general denial and pleas of not guilty on December 29, 1954. On February 4, 1955, these two defendants filed disclaimers.

On March 12, 1955, plaintiff filed his amended original petition, in which the same four defendants were named; the first count being in trespass to try title. No allegation of damages was made. The second count alleging that appellants had obtained the signature of plaintiff's predecessor to a deed by fraudulent misrepresentations, and that the acknowledgment to the deed was void and sought judgment for title to the lands, and for cancellation of the deeds, for costs and such other relief as to the court may seem meet; and the third count alleging that only in event plaintiff did not recover the land and in such event suing defendants Watson, Hart and Howe alone, realleged all facts set out in paragraphs 1 and 2 in the first count of the petition and all matters set out in the second count, and further that by the fraudulent actions and conduct of defendants Watson and Hart that plaintiff has suffered the loss of the lands and is entitled to recover the sum of $100,000. The second amended original petition was filed April 20, 1955, and was substantially similar to the first amendment alleging that Watson and Hart practiced a fraud on Lizzie Ham, a predecessor in title and through whom plaintiffs claim title, and sought $100,000 as damages for the value of the land, and prayed:

"Wherefore, and in the alternative only as above set out, plaintiff prays for judgment against defendants Watson, Hart and Howe awarding him all the right, title and interest in the lands in question held by them or either of them or for his damages as alleged in the third count and for costs and general relief."

The fraudulent acts complained of were alleged to have been committed in Dallas County, Texas.

On May 2, 1955, defendants filed the following request:

"Now comes P. J. Watson and M. E. Hart, Defendants, and request the Court to recognize their right to have until 10:00 o'clock A.M. on the Monday next after the expiration of twenty (20) days after this date to file their answer herein, and to give them such amount of time, and would respectfully show:

"1. This suit was filed October 27, 1954, in trespass to try title only and not for damages.

"2. On or about February 4, 1955, both of said Defendants filed their disclaimer herein, thereupon ceasing to be parties to this suit.

"3. On or about March 11, 1955, Plaintiffs filed their amended petition herein setting up entirely new and different causes of action seeking damages from these Defendants in the sum of One Hundred Thousand Dollars ($100,000.00).

"4. No citation was issued or served upon said Defendants after the amended pleadings were filed and they have not otherwise entered their appearance.

"5. While said Defendants allege they are entitled to this as a matter of right, the situation being similar to the circumstances justifying the filing of a motion to quash a defective citation, they further represent that they are not personally advised of the filing of the amended petition until April 21, 1955 and were unable to arrange for counsel to represent them until April 28, 1955, and such time is necessary for the investigation of the facts and law for the preparation and filing of a proper answer to protect whatever rights they may have.

"Wherefore, Defendants pray the Court to grant this Motion."

Pleas of privilege were filed on May 2, 1955.

On May 11, 1955, plaintiff filed his motion to strike the pleas of privilege reciting the filing of the several petitions and answers and pleadings theretofore filed; that defendants had full knowledge of the contents of the pleadings.

On May 11, 1955, the court entered the following order, from which this appeal is taken:

"This case having been called for trial on this the 2nd day of May, 1955, in the presence of counsel for all parties and plaintiff having announced ready for trial, the defendants Watson and Hart filed their joint motion for further time in which to answer, and said motion having been denied, said defendants Watson and Hart then offered for filing their respective pleas of privilege to be sued in Tarrant County, the County of their residence, whereupon plaintiff orally moved to strike said pleas, asking and being granted leave to file a motion in writing later as of this date, and the court having considered said motion and what was alleged by counsel is of opinion that the law is with the plaintiff, accordingly on this the 2nd day of May, 1955.

"It is ordered by the court that said pleas of privilege of the defendants Watson and Hart be and hereby they are, stricken from the files and record of this court and held for naught to which ruling and action of the court defendants Watson and Hart in open court excepted and gave notice of appeal to the Fourth Court of Civil Appeals sitting at San Antonio.

"Signed and entered this 10 day of May, 1955."

On May 11, 1955, the court entered the following order:

"On this the 2nd day of May, 1955, upon the call of this case for trial pursuant to previous setting made in February, 1955, of which all parties had notice, in the presence of counsel for all parties and the plaintiff and defendant Hart in person, the defendants Watson and Hart, after plaintiff had announced ready for trial, filed their joint motion for further time in which to answer and the court having heard said motion and the argument of counsel thereon, and the record disclosing that said defendants Watson and Hart had appeared in this case generally by their attorney of record C. B. Neel in February, 1955, and had had actual notice through their said attorney of record of the filing of the amended petition in this cause on the 12th day of March, 1955, and were bound to take notice thereof, the court found that said defendants were not entitled to further time to answer, and accordingly,

"It is ordered by the court on this the 2nd day of May, 1955, that said motion be and hereby it is overruled and further time to answer denied to said defendants, to which ruling and action of the court said defendants then and there excepted."

This appeal is predicated on three points of error and are that the trial court erred in striking the pleas of privilege; in holding that the prior filing of an answer and a disclaimer had the effect of waiving the pleas of privilege in view of the subsequently filed amended petition, and in holding that the filing of a motion asserting appellants' right to be served with citation on the amended petition had the effect of waiving the pleas of privilege.

The points are briefed together.

■ We believe that appellants had the right to file pleas of privilege at the stage of the proceedings when plaintiff filed his amended pleadings seeking $100,000 damages, setting up fraud alleged to have been committed in Dallas County, Texas, and such pleas of privilege became available, and the filing of the pleas of privilege casts the burden on plaintiff to allege in contro-

verting plea and prove that the case was one within statutory exception. Farnham v. First National Bank of El Paso, Tex. Civ.App., 28 S.W.2d 883; Adams v. Johnson, Tex.Com.App., 298 S.W. 265.

As has been noticed the original pleading was in trespass to try title and for nominal damage and to which the appellants filed a general denial, plea of not guilty and later a disclaimer.

Subsequently plaintiff alleged damages for fraud and misrepresentation committed by appellants in Dallas County, Texas, in connection with the executing of a deed.

The motion filed by appellants sought only a finding from the trial court as to their right to be served with citation on the amended pleading setting up a cause of action based on alleged fraud committed in Dallas County, Texas. It was in the nature of a motion to quash service and was not such an answer as would waive appellants' right to file the pleas of privilege; Horton v. Lone Star Gas Co., Tex.Civ. App., 19 S.W.2d 617; McDonald, Texas Civil Practice, Vol. 1, p. 434; Richardson v. Mohon, Tex.Civ.App., 157 S.W.2d 655; 43–B Tex.Jur. p. 296.

In Williams v. Neill, Tex.Civ.App., 152 S.W. 693, it was held that where a party in an action of trespass to try title files a disclaimer, he is not to be considered as any longer a party to the suit, unless, in addition to the land, it is sought to recover damages.

The plaintiff did not in his amended pleading seek damages to the land in addition to the land, but sought title to the land and as an alternative plea, damages in the sum of $100,000 for fraud practiced in the county of appellants' residence by appellants on a predecessor in title, etc.

The order of the trial court striking the pleas of privilege is reversed and the case remanded for a consideration and disposition of the venue facts.

Reversed and remanded.