**F. L. LIVINGSTON, Appellant,**

v.

**Hardy L. GAGE, Appellee.**

**No. 6693.**

Court of Civil Appeals of Texas, El Paso.

Dec. 20, 1978.

Rehearing Denied May 23, 1979.

Jennings, Montgomery, Dies & Turner, Frank L. Jennings, Graham, for appellant.

Fillmore & Camp, John P. Camp, H. Dustin Fillmore, Patrick H. O'Neill, Fort Worth, John R. Lee, Kermit, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is an appeal from both the trial on the merits and the overruling of the Defendant's plea of privilege. Following trial by a jury, judgment was entered for the Plaintiff/Appellee in the amount of $175,-000.00 actual damages and $150,000.00 punitive damages. We affirm the judgment of the trial Court.

Referring to the parties as they appeared in the trial Court, Appellee as Plaintiff and Appellant as Defendant, the Plaintiff brought this suit against the Defendant and two others who were later dismissed as party/defendants and are not involved in this appeal. Plaintiff sought recovery of an undivided ⅓rd interest in certain producing oil and gas leases in Winkler County on a theory of constructive or resulting trust. He contended that he had paid $175,000.00 to the Defendant for the purchase of these oil and gas properties. Alternatively, Plaintiff sought recovery of the $175,000.00 on the ground that the payment thereof was induced by fraud. He also sought exemplary damages. When the Plaintiff rested, the Defendant moved for a directed verdict, and the Court sustained that part of the motion for directed verdict which involved the ⅓rd interest in the oil and gas

properties. The case was submitted to the jury on the alternative theory of fraud.

When the Court directed the verdict eliminating the claim for an interest in the oil and gas leases, the Defendant immediately notified the Court that he was not appearing further in the Court voluntarily, and he immediately filed a plea of privilege. He appeals the Court's order overruling that plea of privilege. The Defendant was not a resident of the county of suit and did not file a plea of privilege prior to commencement of the trial. He says he did not do so because it was obvious under Subdivision 14 of Article 1995, Tex.Rev.Civ.Stat. Ann., that such a plea would not be good as this was a suit for recovery of an interest in real property. But, he contends, when the issue of an interest in the real property went out of the case, he was then entitled to his plea of privilege as to the alternative allegation of fraud. In that connection, it is clear that the fraud did not occur in the county of suit. It is well established that one who desires to assert his plea of privilege must do so as the first order of pleading, and that the filing of an answer or other pleadings prior to the plea of privilege constitutes waiver of such a plea. *Ryman Well Service, Inc. v. B. D. Holt Company*, 478 S.W.2d 801 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Westbrook v. Bradford*, 429 S.W.2d 638 (Tex.Civ.App.—Austin 1968, no writ); 1 McDonald, Texas Civil Practice, Sec. 4.40 at 570; 59 Tex.Jur.2d Venue, Sec. 158 at 609–611. The Defendant does not argue with that rule of law, but urges an exception to be applicable here where his plea of privilege comes for the first time after the cause of action on which venue could be maintained has gone out of the case.

Defendant relies on two cases for this exception: *Farnham v. First Nat. Bank of El Paso*, 28 S.W.2d 883 (Tex.Civ.App.—El Paso 1930, no writ); and *Wood v. Fulton Property Co.*, 90 S.W.2d 617 (Tex.Civ.App. —Eastland 1936, no writ). To those authorities can be added *Watson v. Harrington*, 285 S.W.2d 390 (Tex.Civ.App.—Austin 1955, no writ). In each of those cases, the de-fendant was allowed to file a plea of privilege after the cause of action had changed. They differ from this Defendant's situation in that in each of them the cause of action was changed by amendment of the plaintiff's pleadings prior to trial. In the *Farnham* case, the plaintiff brought suit to recover land under a certain judgment foreclosing a lien on it and to set aside the deficiency part of the judgment. Suit was in the county where the land was located. Prior to trial, the plaintiff amended her petition to eliminate any claim for recovery of the land and sought only to set aside the deficiency part of the judgment. The defendant/bank then filed its plea of privilege and this Court upheld its right to do so, noting that the amended petition replaced the original petition and omitted from the trial the only ground that made the cause triable in a county of suit. In our case, there were no amended pleadings filed which changed the cause of action prior to suit. Rather, it is a trial on two alternative theories, one of which the proof failed.

In the *Wood* case, the change of cause of action also occurred prior to trial, and the defendant there requested and got permission of the Court to withdraw prior pleadings so that its then filed plea of privilege was the first pleading. In our case, the Defendant did not withdraw his prior plea in abatement or answer on which he went to trial. *Watson v. Harrington*, supra, involved a trespass to try title case in which the defendant filed a disclaimer which had the effect of making him no longer considered a party to the suit. The plaintiff then filed an amended pleading seeking damages for fraud against the defendant, and the Court allowed a plea of privilege to that new pleading. Again, it must be noted that this case involved a change of pleadings prior to trial. In our case, the plea of privilege comes at the conclusion of the Plaintiff's case when he had rested, and the Defendant urged his plea of privilege not to a changed cause of action but because the proof had failed on one of two alternative theories of recovery. We do not think this Defendant is in the position of the defend-

ants in the three cases decided so as to come within an exception of the general rule. He sought to file his plea of privilege at a point in the proceedings when the Plaintiff had in a trial of the merits presented his proof and rested, and at a time when the Defendant had on file a plea in abatement, his original answer, and a motion for directed verdict. To allow what Defendant seeks to do here would disrupt orderly trial procedure. It must not be unusual for the proof of facts on the merits of a trial to fail to establish what would be venue facts. If during the trial on the merits the venue facts were not all proved, the Court would be required to stop and hold a venue hearing. This could lead to the trial of a case in one county on one theory and then be moved and tried on another theory in another county. Here, the Defendant was eligible to file a plea of privilege only after he had been successful in a motion for directed verdict as to one theory of the Plaintiff's case. We think the trial Court correctly denied his plea of privilege.

■ The law in Texas does afford a defendant relief if a plaintiff's pleadings are made in bad faith, fraud, or with no probable cause. Such pleadings and proof will defeat a plaintiff's use of Section 14, Article 1995, as an exception to venue in the defendant's county of residence. *Best Investment Company v. Parkhill*, 429 S.W.2d 531 (Tex.Civ.App.—Corpus Christi 1968, no writ). In the case before us, there is no such contention as to Plaintiff's pleadings.

■ Appellant has numerous points of error based upon his motion for a new trial. Appellee urges that we cannot consider these points of error because as assignments of error in Appellant's motion for a new trial, they are too general or too vague under the requirements of Rules 320, 321, 322 and 374, Tex.R.Civ.P. Under those Rules, and the cases construing them, Appellee's position would be correct, but the Rules of Civil Procedure have undergone a change since this case was tried. Rule 324 became effective January 1, 1978, and under it the Appellant was not required to file a motion for new trial to preserve the

points of error here under consideration. While the briefs in this case were filed prior to the effective date of Rule 324, we are bound by it in determining the sufficiency of the point of error. *Cavitt v. Jetton's Greenway Plaza Cafeteria*, 563 S.W.2d 319 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Delta Brands, Inc. v. Borden Metal Products Company*, 570 S.W.2d 1 (Tex.Civ.App.—Beaumont), writ ref'd n. r. e., 570 S.W.2d 876 (Tex.1978). The general rule is that in the absence of an expressed intention to the contrary, procedural rules adopted by the Supreme Court are applied to pending litigation in that subsequent steps in the case are controlled by the new rule. *Brooks v. Texas Employers Insurance Association*, 358 S.W.2d 412 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.). We overrule Appellee's contention and will consider the points of error.

Appellant has numerous points of error as to no evidence and insufficient evidence to support the findings of the jury. We have examined these points of error under now familiar rules as to legal sufficiency points and factual sufficiency points and find that they present no reversible error. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Commercial Standard Insurance Company v. Allred*, 413 S.W.2d 910 (Tex.1967).

■ The jury made an award of $150,000.00 in this case for exemplary damages, and the Appellant assigns error in that there was no submission of an issue finding malice, that the Court erred in conditioning the damage issue on Special Issue No. 7, and that there can be no award of exemplary damages in the absence of a finding of malice. We conclude that the finding must be upheld. The jury found: (1) Plaintiff furnished Defendant $175,000.00; (2) Defendant represented to Plaintiff that he would receive a ⅓rd interest in certain lands if he would furnish $175,000.00; (3) such representation was false; (4) Defendant did not intend to fulfill the representation at the time he made it; (5) Defendant made the representation for purposes of inducing Plaintiff to pay him $175,000.00; (6) Plaintiff relied upon the representation;

(7) the Defendant intended to deceive the Plaintiff; and (8) the Plaintiff suffered $175,000.00 actual damage. Special Issue No. 9 inquired as to what sum of money, if any, the Plaintiff should be awarded against the Defendant as exemplary damages. This issue was conditioned on an affirmative answer to Special Issue No. 7 (as to intent to deceive), and had the following explanation:

"'Exemplary damages' means an amount which you may in your discretion award as an example to others and as a penalty or by way of punishment, in addition to any amount which may have been found by you as actual damages."

■ Appellant cites a general rule for awarding exemplary damages as found in 25 C.J.S Damages § 123(5), as follows:

"The fact that an act is unlawful is not of itself ground for an award of exemplary or punitive damages. The act complained of not only must be unlawful but also must partake of a wanton and malicious nature, or, as sometimes stated, somewhat of a criminal or wanton nature, and an act will not be deemed malicious, and so warranting punitive damages, merely because it is unlawful or wrongful."

The above has been quoted with approval by our Supreme Court in *Ware v. Paxton*, 359 S.W.2d 897 (Tex.1962); *Dennis v. Dial Finance & Thrift Company*, 401 S.W.2d 803 (Tex.1966). The above is the general rule, but the type of malice necessary to support exemplary damages varies with the nature of the wrongful act involved. Here, the wrongful act was fraud, and in fraud cases our Supreme Court has held that exemplary damages may be awarded "when the plaintiff has suffered actual damage as the result of fraud intentionally committed for the purpose of injuring him." *Dennis v. Dial Finance & Thrift Company*, supra, and followed in *Collins v. Miller*, 443 S.W.2d 298 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.); *Woo v. Great Southwestern Acceptance Corporation*, 565 S.W.2d 290 (Tex.Civ.App. —Waco 1978, writ ref'd n. r. e.). As noted, the exemplary damage issue here was conditioned on Special Issue No. 7 inquiring if the Defendant intended to deceive the Plaintiff. The Supreme Court in the *Dennis v. Dial Finance* case cited the above rule from C.J.S. and said:

"A person who intentionally misrepresents facts for the purpose of injuring another is guilty of wanton and malicious conduct. The allowance of exemplary damages in cases of wilful and deliberate fraud does not, therefore, do violence to the rule quoted above. * * * *"

*Dennis v. Dial Finance* is exactly in point here, as it was an action to recover money obtained by fraud. The elements of fraud are in Special Issues Nos. 1 through 6 so that we have in this case findings of actual fraud, and by Special Issue No. 7 the intention to deceive. By conditioning the exemplary damage issue on Special Issue No. 7, the Court set up the proper test. We uphold the award of exemplary damages.

Appellant filed a plea in abatement that this suit should be abated pending the outcome of a prior suit in the District Court of Stephens County, Texas. In the Stephens County suit, a Mr. Langford, a Mr. Briscoe, and Appellant Livingston filed suit against the Appellee on a $550,000.00 promissory note. Langford and Briscoe are not parties in the case at bar. Appellee filed this case in the District Court of Winkler County against Appellant Livingston, The First National Bank in Olney, Texas, and Luther May, Jr. The Bank and May are not parties to the Stephens County suit. Appellant contends the $175,000.00 here involved was the payment on the note sued on in the Stephens County suit, while Appellee contends that it is obtained by fraudulent representations of obtaining the oil and gas interest in Winkler County.

■ Appellant contends first that Appellee's claim for recovery of the $175,000.00 was a compulsory counterclaim in the Stephens County suit. Rule 97(a), Tex.R. Civ.P., states:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which

at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction * * *."

The issues in these two suits are not the same. The one is for collection of a note, and the other is for recovery of money obtained by fraud. This is not a compulsory counterclaim under Rule 97. "Before abatement is proper it must appear that the cause or causes of action and the issues involved are substantially the same in the two suits." *Rowland v. Prappas*, 491 S.W.2d 179 at 182 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). See also *Astro Sign Company v. Sullivan*, 518 S.W.2d 420 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). The transactions on which the two suits are based occurred eight months apart. We do not find that the suits are so interrelated that abatement was necessary. The suits do not have identical parties, and a judgment in one would not dispose of the cause of action in the other. See 2 McDonald, Texas Civil Practice, Sec. 7.10.

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.