CLS ASSOCIATES, LTD., Appellant,

v.

A_____ B_____, Appellees.

No. 05-87-01186-CV.

Court of Appeals of Texas,
Dallas.

Nov. 14, 1988.

Rehearing Denied Dec. 15, 1988.

Douglas J. Brooks, Dallas, for appellant.

Paul M. Koning, Dallas, for appellees.

Before STEPHENS, STEWART and ROWE, JJ.

STEPHENS, Justice.

CLS Associates, Ltd. appeals an adverse summary judgment in its action against the law firm of A_____ B_____ alleging that the law firm committed malpractice and negligence while providing legal services to CLS. The trial court found that the malpractice claim was barred by res judicata arising from a prior suit to collect attorneys' fees due for the same services at issue in the instant suit. In three points of error, CLS asserts that the trial court erred in granting the summary judgment on the grounds of res judicata. We disagree and, accordingly, affirm the judgment of the trial court.

A_____ B_____ (Law Firm) performed legal services for CLS Associates, Ltd.,

pursuant to a contract. The Law Firm assigned its cause of action to D & L Collections (Collection Agency) when CLS failed to pay for the services rendered. The Collection Agency successfully collected the attorneys' fees. Subsequently, CLS brought a suit against the Law Firm for malpractice and negligence in connection with the same services which gave rise to the attorneys' fees suit. The Law Firm asserted the affirmative defense of res judicata and a summary judgment was granted in its favor.

In its first point of error, CLS asserts that the Law Firm's First Amended Original Answer was insufficient to support the trial court's finding that the cause of action was barred by res judicata. Specifically, CLS contends that res judicata cannot apply because the action which gave rise to the res judicata was on appeal; that the assertion of res judicata was an improper legal conclusion not supported by sufficient facts; that the causes of action in the attorneys' fees suit and the malpractice suit are not identical; and that the issues regarding malpractice were not in fact decided in the first suit. We hold that the Law Firm's First Amended Answer was sufficient to support a determination of res judicata for the reasons discussed herein.

In *Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 6 (Tex.1986), the Texas Supreme Court held that "a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo' " (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 (1982)). The Court expressly overruled *Texas Trunk Railroad Co. v. Jackson,* 85 Tex. 605, 22 S.W. 1030 (1893) (a judgment on appeal insufficient to support plea of res judicata). Thus, the fact that the attorneys' fees case was on appeal is not a defense to the plea of res judicata since the appeal taken was not by trial de novo.

CLS further alleges that the assertion of res judicata in the Law Firm's First Amended Original Answer constituted a legal conclusion and was not supported by sufficient facts to support a summary judg-

ment. Rule 94 requires only that all affirmative defenses such as res judicata be specifically pleaded to give notice of the issue to be raised. The pleading of specific facts is not necessary. TEX.R.CIV.P. 94. If the opponent desires more particular information, a special exception is necessary. *See* TEX.R.CIV.P. 90; *Agnew v. Coleman Electric Cooperative,* 153 Tex. 587, 272 S.W.2d 877, 879 (Tex.1954). Therefore, the Law Firm's assertion of res judicata without additional facts was sufficient to support the summary judgment in the absence of a special exception.

CLS also urges that the answer was insufficient to support a summary judgment because the cause of action presented in the attorneys' fees suit was not identical with the issue presented in this malpractice suit. As a general rule, a judgment on the merits in a suit on one cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined in the first suit. *See Griffin v. Holiday Inns of America,* 496 S.W.2d 535, 538 (Tex.1973). Here, the issue of the quality of the legal services was not actually litigated and determined in the attorneys' fees suit. Instead, the only matter litigated was whether the attorneys' fees were due. In our previous decision, we held in the attorneys' fees suit that the fees were indeed due and owing for services performed. (*CLS Associates, Ltd. v. A____ B____ Collections,* No. 05–86–00760–CV (Tex.App.—Dallas July 7, 1987) (unpublished)).

There is, of course, at least one exception to the general rule stated above. *See Griffin,* 496 S.W.2d at 538. That exception provides that res judicata bars litigation of all issues connected with a cause of action which, with the use of all diligence, might have been tried, as well as those which were actually tried. *Ogletree v. Crates,* 363 S.W.2d 431, 435 (Tex.1963). As we stated in *Swiss Avenue Bank v. Slivka,* 724 S.W.2d 394, 396 (Tex.App.—Dallas 1986, no writ), "[t]he *Ogletree* rule, however, applies only to the cause of action which was actually filed by the plaintiff

and not to cross-actions which might have been filed by a defendant unless the compulsory counterclaim rule is applicable." *See Chandler v. Cashway Building Materials, Inc.,* 584 S.W.2d 950, 954 (Tex.Civ. App.—El Paso 1979, no writ); TEX.R.CIV. P. 97. A claim of attorney malpractice has been held a compulsory counterclaim to a claim for attorneys' fees under Rule 97(a). *Bailey v. Travis,* 622 S.W.2d 143 (Tex.App. —Eastland 1981, writ ref'd n.r.e.); *Corpus Christi Bank & Trust v. Cross,* 586 S.W.2d 664 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Thus, because CLS was required to assert the malpractice claim for negligently performed services in the attorneys' fees suit, the *Ogletree* rule is applicable. For these reasons, we overrule CLS' first point of error.

In its second point of error, CLS asserts that "malpractice and negligence" were not litigated or essential to the judgment in the attorneys' fees suit. This point is without merit because, as discussed in this opinion with regard to point of error one, the defensive issue of malpractice was a compulsory counterclaim. It arose from the same transactions as the attorneys' fees and would have prevented the recovery. Thus, it cannot be "barely collateral" to the attorneys' fees suit. *See* TEX.R.CIV.P. 97.

■ The record reflects that on the date of trial in the attorneys' fees suit, CLS moved for a continuance to develop defensive theories. This motion was denied. Subsequently, the trial court granted the Collection Agency's Motion in Limine which resulted in the exclusion of evidence as to malpractice. CLS argues that this served the issue of malpractice. Thus, CLS contends that res judicata cannot apply. The Texas Supreme Court in *Van Dyke v. Boswell, O'Toole, Davis & Pickering,* 697 S.W. 2d 381, 384 (Tex.1985), held that when separate trials are granted by the trial court in an attorneys' fees suit with a malpractice counterclaim, the prevailing party in the attorneys' fees suit cannot properly assert res judicata in the subsequent malpractice trial. The instant case, however, is distinguishable. A motion in limine does not result in a severance yielding separate trials. Instead, such a motion merely precludes reference to the subject of the motion without first obtaining a ruling on admissibility outside the presence of the jury. *See Hartford Accident & Indemnity Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex.1963). Thus, in the absence of an attempt to tender the evidence and an adverse ruling, CLS has nothing to complain about on appeal. *Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.,* 715 S.W.2d 658, 662 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Accordingly, CLS' second point of error is overruled.

■ CLS, in its third point of error, contends that res judicata cannot apply in this instance because the earlier suit did not involve the same parties or their privies. In support, CLS points out that in the attorneys' fees suit the jury expressly found that A_____ B_____ Collections was not the alter ego of A_____ B_____. However, to be in privity does not require a party relying on the defense of res judicata to be the alter ego of the party in the initial suit. *See Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971). It is sufficient that the party in the second suit be a successor-in-interest to the party in the first suit. *Compare Gilbert v. Fireside Enterprises, Inc.,* 611 S.W.2d 869, 871 (Tex.Civ.App.—Dallas 1980, no writ), *with Tarter v. Metropolitan Savings & Loan Association,* 744 S.W.2d 926 (Tex.1988) (causes of action by different parties *not* in privity are not barred even though the outcomes of the two suits seem inconsistent). The privity between the Collection Agency and the Law Firm in the attorneys' fees suit is evidenced by the assignment document attached to the Plaintiffs' Original Petition which was executed on behalf of the Law Firm. There is no merit to CLS's argument; accordingly, we overrule its third point of error.

■ After reviewing the entire case carefully, we conclude that CLS has prosecuted this appeal for delay and without sufficient cause. We cannot find that there was even a likelihood of a favorable result for CLS. Texas Rule of Appellate Procedure 84 provides:

In civil cases where the court shall determine that an appeal or writ of error has been taken for delay and without suffi-

cient cause, then the appellate court may, as part of its judgment, award each prevailing appellee or respondent an amount not to exceed ten percent of the amount of damages awarded to such appellee or respondent as damages against such appellant petitioner. If there is no amount awarded to the prevailing appellee or respondent as money damages, then the appellate court may award, as part of its judgment, each prevailing appellee or respondent an amount not to exceed ten times the total taxable costs as damages against such appellant or petitioner.

The purpose of this rule is to shift an appellee's expense of defending itself in a frivolous appeal to the appellant. This Court may decide sua sponte to assess damages for the taking of a frivolous appeal by CLS. *Dallas County Appraisal District v. The Leaves, Inc.,* 742 S.W.2d 424 (Tex.App.—Dallas 1987, writ denied); *Bullock v. Sage Energy Co.,* 728 S.W.2d 465, 468 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

Spurious litigation unnecessarily burdens the parties and the courts alike. Thus, it should not go unsanctioned. In this case, we conclude that damages must be assessed against CLS in an amount equal to ten times the total taxable costs on appeal, to be awarded A_____ B_____.

The judgment of the trial court is affirmed.