Camille H. TINDLE, Appellant,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY and Kevin W. Roberts, Appellees.

No. 05–91–01068–CV.

Court of Appeals of Texas, Dallas,

Aug. 24, 1992.

Carl Luna, Kenneth A. Garner, Garland, for appellant.

S. Shawn Stephens, Kevin P. Erwin, Houston, John F. Bell, Jr., Ft. Worth, for appellees.

Before THOMAS, MALONEY and KAPLAN, JJ.

## OPINION

THOMAS, Justice.

Camille H. Tindle appeals from a summary judgment rendered in favor of Jackson National Life Insurance Company (the insurance company) and Kevin W. Roberts (the agent) in her suit for negligence, misrepresentation, and breach of contract. We conclude that Tindle's claims against the insurance company are barred by the compulsory-counterclaim rule embodied in rule 97(a) of the Texas Rules of Civil Procedure and that Tindle has failed to challenge all of the agent's grounds for summary judgment. Accordingly, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

In December 1987, Tindle and her husband contacted the agent to purchase life insurance. They told the agent that they wanted Tindle to be the primary beneficiary if she survived her husband and Sasha Tindle, their minor daughter, to be the contingent beneficiary. That month, the insurance company issued a $250,000 policy on the life of Tindle's husband. In February 1988, Tindle told the agent that it was not clear to her that she was the primary beneficiary on the policy. The insurance company told the agent that it interpreted the policy to name Tindle as the primary beneficiary and Sasha as the contingent beneficiary. As a result, no change-of-beneficiary form was filed. Tindle's husband died on January 26, 1989.

On March 28, 1989, Tindle demanded that the full proceeds of the policy be paid to her. The insurance company asserted that Tindle and Sasha were co-beneficiaries un-

der the policy. The next month, the insurance company filed an interpleader action naming Tindle and Sasha as defendants and tendered the policy proceeds into the registry of the trial court. Throughout the interpleader action, Tindle stated that she was entitled to and claimed only one-half of the policy proceeds. She agreed that Sasha was entitled to the remaining one-half of the proceeds. As a result, on November 9, 1989, the trial court entered a judgment, approved as to form by the parties, dividing the proceeds equally between Tindle and Sasha. The order further released the insurance company from further liability under the policy.

In August 1990, Tindle filed this suit against the insurance company and the agent. She alleged that the agent negligently failed to submit a change-of-beneficiary form when he was notified of the error on the policy and that the insurance company negligently told the agent that no change-of-beneficiary form was required. She further asserted that the agent and the insurance company misrepresented the effect of having both her and Sasha listed on the policy after they were informed of the mistake, causing the proceeds to be inappropriately divided. Tindle also alleged that she and her husband contracted for her to be the sole beneficiary if he predeceased her, not for her and Sasha to be co-beneficiaries. In this action, Tindle requested, inter alia, $125,000 as benefits payable under the policy and a statutory penalty for failure to pay after demand.

◼ The insurance company moved for summary judgment alleging that Tindle's negligence, misrepresentation, and breach-of-contract claims were barred by res judicata and were compulsory counterclaims in the interpleader action. The agent moved for summary judgment on the grounds of judicial estoppel, promissory estoppel, equitable estoppel, and collateral attack on a final judgment. The agent also incorporated the insurance company's motion for summary judgment.[1]

1. We note that the agent's answer contains only a general denial and, thus, he did not specifical-

ly plead the affirmative defenses asserted in his or the insurance company's summary-judgment

## SUMMARY JUDGMENT—STANDARD OF REVIEW

■ In the first and second points of error, Tindle complains that the trial court erred in granting the motions for summary judgment. In reviewing a summary-judgment record, we apply the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When, as here, the trial court's judgment does not state the grounds for granting summary judgment, an appellant must show that each of the independent arguments alleged in the motion is insufficient to support summary judgment. *McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). If any ground asserted by the insurance company and the agent supports the summary judgment, we affirm the trial court's judgment.

## COMPULSORY COUNTERCLAIMS

The insurance company asserted in its summary-judgment motion that Tindle's claims for negligence, misrepresentation, and breach of contract were compulsory counterclaims in the interpleader action. *See* Tex.R.Civ.P. 97. The agent, by incorporating the insurance company's motion for summary judgment into his motion, also asserted this ground. Tindle's summary-judgment response restated her present claims, but offered no specific grounds to avoid summary judgment. On appeal, Tindle argues that her present claims were

not compulsory counterclaims because they are not based on the policy and they arose after the court entered the order in the interpleader action.

Rule 97 of the Texas Rules of Civil Procedure defines a compulsory counterclaim. Tex.R.Civ.P. 97(a). The rule was promulgated to avoid multiplicity of lawsuits. *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247 (Tex.1988). Rule 97 provides in relevant part as follows:

(a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against an opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

Tex.R.Civ.P. 97(a) (emphasis added).

■ "Transaction" is a flexible term and may comprehend a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship to one another. *Jack H. Brown & Co. v. Northwest Sign Co.,* 718 S.W.2d 397, 399 (Tex.App.–Dallas 1986, writ ref'd n.r.e.) (citing *Moore v. New York Cotton Exch.,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926)). Texas courts apply the logical-relationship test to determine whether two causes of action arise from the same transaction or occurrence. *See Jack H. Brown & Co.,* 718 S.W.2d at 400. Application of the rule requires that at least some of the facts be relevant to both claims. *Jack H. Brown & Co.,* 718 S.W.2d at 400. There is no logical relationship when none of the same facts are relevant to both claims. *Jack H. Brown & Co.,* 718 S.W.2d at 400.

■ In support of her contention that the present claims were not compulsory

motions. *See* Tex.R.Civ.P. 94 (affirmative defenses must be specifically pleaded). However, an unpleaded affirmative defense may serve as the basis for summary judgment when it is

raised in a summary-judgment motion and the non-movant fails to object to the lack of a rule 94 pleading. *See Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494–95 (Tex.1991).

counterclaims in the interpleader action, Tindle cites *Reliance Universal, Inc. v. Sparks Industrial Services, Inc.*, 688 S.W.2d 890 (Tex.App.–Beaumont 1985, writ ref'd n.r.e.), and *Livingston v. Gage*, 581 S.W.2d 187 (Tex.Civ.App.–El Paso 1978, writ ref'd n.r.e.).[2] We conclude that Tindle's authorities are distinguishable. In *Reliance Universal, Inc.*, the court held that a buyer's claim for negligence was not a compulsory counterclaim in the seller's action for breach of contract for failing to pay for material supplied because the claims did not arise out of the same transaction or occurrence. 688 S.W.2d at 891. The sales contract was completed upon delivery of the materials to the buyer, and the seller's cause of action arose out of the failure to pay for the materials. On the other hand, the negligence claims arose after the sales contract was completed, and the alleged negligent acts were separate from any contract for the sale of materials. *Reliance Universal, Inc.*, 688 S.W.2d at 891. In *Livingston*, the court held that a suit to recover money obtained by fraud was not a compulsory counterclaim in a prior suit for collection of a note because the two suits were based on separate transactions that occurred eight months apart. 581 S.W.2d at 192. Here, unlike in *Reliance Universal, Inc.* and *Livingston*, the interpleader action and Tindle's present claims are based upon the policy and concern payment of the policy proceeds. The actions, therefore, are based on the same transaction or occurrence and are logically related.

We have not been directed to nor have we located a Texas case directly on point. However, we have found a similar case in *Schoeman v. New York Life Insurance Co.*, 106 Wash.2d 855, 726 P.2d 1 (1986) (interpreting a rule identical to TEX.R.CIV.P. 97(a)). There, the court held that a wrongful-death claim against the insurer was a compulsory counterclaim in a prior interpleader action. *Schoeman*, 726 P.2d at 7. Prior to the wrongful death action, the insurer filed an interpleader action and

named several defendants, including the wife of the insured, as possible claimants to the insurance proceeds. *Schoeman*, 726 P.2d at 2. In her cross-claim, the wife charged the other defendants with responsibility for her husband's death. However, she asserted no claim against the insurer and raised no objection to the entry of an order discharging the insurer from further liability other than the amount of the interpleaded funds. *Schoeman*, 726 P.2d at 2. Following the conclusion of the interpleader action, the wife asserted a wrongful-death claim against the insurer alleging that the insurer negligently renewed a life-insurance policy on her husband's life to a third party who had no insurable interest in her husband's life and that such issuance was the proximate and foreseeable cause of his death. *Schoeman*, 726 P.2d at 1–2. The trial court dismissed the wife's claims. *Schoeman*, 726 P.2d at 2. The Supreme Court of Washington held that the issue of which parties were entitled to the insurance proceeds was integrally and logically related to the issue in the interpleader action. *Schoeman*, 726 P.2d at 7. Further, all the necessary facts for a wrongful-death claim against the insurer were known to the wife at the time of the interpleader action. *Schoeman*, 726 P.2d at 7.

In the present case, the insurance company filed its interpleader action because it considered Tindle and Sasha to be co-beneficiaries and Tindle was demanding the full policy proceeds. The insurance company sought to avoid the vexation and expense of multiple litigation and the risk of multiple liability on the policy. *See Dallas Bank & Trust Co. v. Commonwealth Dev. Corp.*, 686 S.W.2d 226, 230 (Tex.App.–Dallas 1984, writ ref'd n.r.e.). The purpose of the interpleader action was to allow Tindle and Sasha to litigate their opposing claims to the policy proceeds. Tindle, however, chose not to litigate her entitlement to the entire $250,000. Instead, she agreed in effect that she and Sasha were co-beneficiaries. In the interpleader action, Tindle

**2.** We note that, although both cases discuss the compulsory counterclaim rule, the issue in those cases was whether abatement was proper.

stated in her original answer, motion for partial summary judgment, and affidavit that she was entitled to only $125,000 and that Sasha was entitled to the remaining $125,000. The trial court's judgment in that action stated that Tindle and Sasha "agreed that they should share equally in the proceeds deposited into the registry of the [c]ourt by [the insurance company]."

Tindle's pleadings in this action reveal that her present claims essentially assert her entitlement to $250,000 under the policy. Tindle's answer in the interpleader action recited many of the facts that she relies on here.[3] As in *Schoeman,* Tindle had knowledge of the facts upon which her present claims are based. Further, this demonstrates that at least some of the same facts were relevant to the interpleader action and the present claims. The only thing possibly unknown to Tindle during the interpleader action was the amount of her damages. However, Tindle admitted during oral argument that, the way the policy was written, she clearly was entitled to only $125,000. Thus, Tindle knew at the time of the interpleader action that she would be damaged. Further, Tindle's prayer in this case states that she "is entitled to be paid $250,000 of which $125,000 has been paid leaving $125,000 to be paid" and requests, in pertinent part, "$125,000 *as the benefits payable under the insurance policy made the basis of this suit.*" (Emphasis added.) The gravamen of Tindle's complaints in this action is that, because of the alleged negligence, misrepresentations, and breach of contract, she received only $125,000 under the policy, although she should have received $250,000. This is the very issue of entitlement that the interpleader was designed to adjudicate. Despite the technical labels given to Tindle's present claims, these causes of action and the interpleader action concerned issuance of the policy and payment of the proceeds. Therefore, we conclude that both the interpleader and Tindle's present claims arose out of the same transaction or occurrence.

Tindle further urges that her present claims were not compulsory counterclaims in the previous suit because the agent was not a party to the interpleader action. As to the insurance company, the agent's absence from the interpleader action is not the standard in determining whether her present claims were compulsory counterclaims in the interpleader action. The insurance company was an opposing party in the previous action. *See* Tex.R.Civ.P. 97(a). Further, the adjudication of Tindle's claims would not have required the presence of third parties over whom the trial court could not acquire jurisdiction. *See* Tex.R.Civ.P. 97(a). The summary-judgment record demonstrates that the interpleader action was filed in the 219th District Court of Collin County, Texas. The current suit was filed in the 296th District Court in Collin County, Texas. Thus, the trial court could conclude as a matter of law that, because it had obtained jurisdiction over the agent, its sister court, located in the same county, hearing the interpleader action, likewise could have acquired jurisdiction over the agent.

For these reasons, we conclude that Tindle's present claims should have been raised against the insurance company as compulsory counterclaims in the interpleader action. Consequently, we hold that the claims against the insurance company are barred by Tindle's failure to present them in the previous action. Accordingly, we conclude that the trial court did not err in granting the insurance company's motion for summary judgment.

■ Because the agent was not a party to the interpleader action, we conclude that the compulsory-counterclaim rule does not bar Tindle's present claims against him. Accordingly, the agent was not entitled to summary judgment on this ground. Thus, we must determine whether summary judgment for the agent can be affirmed on any other ground asserted.

---

**3.** We note that Tindle's answer raised the issue of whether her husband intended to designate her as the sole beneficiary and of the insurance company's and the agent's representations concerning the beneficiary designation.

JUDICIAL ESTOPPEL

The agent alleged that Tindle was judicially estopped from asserting her present claims. This argument is based on the fact that Tindle stated under oath in the interpleader action that she was entitled to only $125,000 of the policy proceeds, whereas she now asserts that her entitlement to $250,000 under the policy. Tindle asserts in her fourth point of error that the trial court erred in granting summary judgment for the agent on the ground of judicial estoppel. She also asserts a general point of error complaining that the trial court erred in granting the agent's summary-judgment motion (point of error two). The agent responds that the summary judgment should be affirmed because Tindle has not properly challenged judicial estoppel as a ground for summary judgment.

■ Although Tindle challenges the ground of judicial estoppel by a point of error, she neither argues this point nor cites any authority to support her contention. Points of error asserted on appeal but not briefed are waived. *Barham v. Turner Constr. Co.*, 803 S.W.2d 731, 740 (Tex.App.–Dallas 1990, writ denied). Thus, in effect, Tindle has not challenged this ground for summary judgment. Judicial estoppel was one of several grounds for summary judgment alleged by the agent, and the trial court did not state the basis for granting summary judgment. Thus, Tindle had the burden to address each of the summary-judgment grounds in order to show the trial court's error. *Tijerina v. Wennermark*, 700 S.W.2d 342, 348 (Tex. App.–San Antonio, 1985, no writ), *overruled on other grounds, Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex.1989). Tindle's failure to address each theory that might support the trial court's entry of summary judgment requires an affirmance. *Tijerina*, 700 S.W.2d at 348; *see Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970); *King v. Texas Employers' Ins. Ass'n*, 716 S.W.2d 181, 182–83 (Tex.App.– Fort Worth 1986, no writ). We overrule Tindle's second and fourth points of error.

DELAY DAMAGES

■ In what appears to be a cross-point, the insurance company seeks sanctions against Tindle for bringing a frivolous appeal. Rule 84 of the Texas Rules of Appellate Procedure authorizes this Court to award an amount not to exceed ten percent of the amount of damages awarded when we determine that the appeal was taken for delay and without sufficient cause. Tex.R.App.P. 84. In determining whether delay damages are appropriate, this Court must review the record from the advocate's point of view at the time the appeal was taken to determine whether reasonable grounds existed to believe that the case should be reversed. *Daniel v. Esmaili*, 761 S.W.2d 827, 830 (Tex.App.– Dallas 1988, no writ). Further, this Court should impose damages only if the likelihood of a favorable result was so improbable as to make this an appeal taken for delay and without sufficient cause. *Id.*

Jackson relies on *Ambrose v. Mack*, 800 S.W.2d 380 (Tex.App.–Corpus Christi 1990, writ denied), and *CLS Associates v. A— B—*, 762 S.W.2d 221 (Tex.App.–Dallas 1988, no writ), to support its request. In those cases, the appellants' claims were dismissed on the ground that they were barred by res judicata. In *Ambrose*, the appellants' claims all concerned actions that occurred before the trial court's judgment in the previous lawsuit became final. *Ambrose*, 800 S.W.2d at 383. The Corpus Christi Court stated that the appellants were merely attempting to relitigate those matters that could have been previously litigated and, in so doing, were asserting a position that was contrary to established law. *Ambrose*, 800 S.W.2d at 383. The court then stated that, "[b]ecause the basic tenet of res judicata and collateral estoppel is to bar the relitigation of previously litigated matters, the rule regarding the assessment of damages for prosecuting an appeal for purposes of delay and without sufficient cause is even more compelling in cases where a clear attempt to relitigate has been made." *Ambrose*, 800 S.W.2d at 383–84.

In *CLS*, this Court held that the appellant's second suit for legal malpractice and negligence was barred by res judicata because it could have been brought in the prior suit by the law firm to collect attorney's fees due for the same services at issue in the second suit. *CLS Assocs.*, 762 S.W.2d at 222. This Court sua sponte assessed rule 84 damages against the appellant, finding that there was no likelihood of a favorable result for CLS and holding that spurious litigation should not go unsanctioned. *CLS Assocs.*, 762 S.W.2d at 223–24.

Here, we have viewed the record from Tindle's point of view at the time this appeal was taken. Although we conclude that Tindle's present claims were compulsory counterclaims in the interpleader action, we found no Texas case directly on point. Tindle filed a complete record, filed a brief presenting arguable points of error and citing authority in support of her position, and appeared for oral argument. *See Daniel*, 761 S.W.2d at 831 (listing factors this Court considered in awarding delay damages). Further, this appeal did not delay enforcement of a judgment. We cannot say in this case that the likelihood of a favorable result for Tindle was so improbable as to make this an appeal taken for delay and without sufficient cause. Therefore, the insurance company's request for delay damages is denied.

We affirm the trial court's judgment.