James KLEIN, Ramona Klein, and Ruby Klein, Appellants,

v.

Carol DOOLEY dba Re–Max Champions, Steve Ernst, Elyse Ernst, and Matthew Jones, Appellees.

No. 14–95–00828–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 3, 1996.

Rehearing Overruled, Nov. 7, 1996.

---

Dennis M. Beck, Richard W. Ewing, Houston, for appellants.

Daniel L. Burkeen, Groesbeck, William Brent Clarkson, James F. Tyson, Thomas E. Edmondson, Houston, for appellees.

Before YATES, O'NEILL and CANNON.*

## OPINION

YATES, Justice.

Appellants, James, Ramona, and Ruby Klein, appeal from a summary judgment in favor of appellees, Carol Dooley, Steve and Elyse Ernst, and Matthew Jones. In two points of error, the Kleins allege the trial court erred in granting summary judgment. We affirm.

The Kleins purchased a house from Matthew Jones. Shortly thereafter, the Kleins brought suit against Jones, Jones' real estate agents, Steve and Elyse Ernst, and the owner of the real estate agency, Carol Dooley. The Kleins alleged the Ernsts and Jones failed to disclose their knowledge of the house's history of flooding prior to the sale. The Kleins asserted claims of negligence, and violations of the Deceptive Trade Practices Act (DTPA), Section 27.01 of the Texas Business and Commerce Code, and Article 6573a of the Texas Revised Civil Statutes against Jones and the Ernsts. The Kleins sued Dooley under a theory of vicarious liability based on the allegedly wrongful conduct of the Ernsts. Dooley and Steve Ernst asserted counterclaims under Section 17.50(c) alleging the Kleins' DTPA claim was groundless, and brought in bad faith or for the purpose of harassment.

* Justice Bill Cannon sitting by assignment.

After the trial commenced, the court excluded the testimony of certain witnesses and documentary evidence. The Kleins then announced a nonsuit without prejudice as to all defendants on all of their claims. The counterclaims filed by Dooley and Ernst proceeded to trial (Klein I). After hearing evidence, the court denied the counterclaims and filed Findings of Fact and Conclusions of Law.

Prior to the entry of final judgment on the counterclaims, the Kleins filed a second suit against Jones, the Ernsts, and Dooley (Klein II). Klein II asserted the same factual allegations as the original suit and the same theories of recovery, minus the DTPA violation. Jones, the Ernsts, and Dooley moved for, and were granted, summary judgment on the affirmative defenses of res judicata and compulsory counterclaim. Jones also moved for summary judgment on the basis that limitations barred the Kleins' negligence claims.

In two points of error, the Kleins assert the trial court erred in granting summary judgment. The Kleins also assert that if the summary judgment is affirmed, it violates the Open Courts and Due Process provisions of the Texas Constitution.

■ When a defendant is a movant for summary judgment, and bases his motion for summary judgment on an affirmative defense, he must prove all the elements of such a defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984). Once the movant establishes a right to summary judgment, the non-movant must expressly present any reasons seeking to avoid the movant's entitlement, and must support the reasons with summary judgment proof to establish a fact issue. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982); *Cummings v. HCA Health Servs. of Texas,* 799 S.W.2d 403, 405 (Tex. App.—Houston [14th Dist.] 1990, no writ). The standard for reviewing a summary judgment is as follows:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true; and

(3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

■ The Kleins argue that Rule 162 of the Texas Rules of Civil Procedure establishes their absolute right to a nonsuit without prejudice as to their claims. Rule 162 provides the following in pertinent part:

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court....

TEX.R. CIV. P. 162. A plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. *BHP Petroleum Co., Inc. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990) (citing *Greenberg v. Brookshire,* 640 S.W.2d 870, 871 (Tex.1982)). A nonsuit cannot affect the defendant's request for affirmative relief, including a claim for attorney's fees, that was pending before the nonsuit was filed. *Corpus Christi Bank & Trust v. Cross,* 586 S.W.2d 664, 666 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e); *ECC Parkway Joint Venture v. Baldwin,* 765 S.W.2d 504, 514 (Tex.App.—Dallas 1989, writ denied).

In this case, Dooley and Steve Ernst filed their bad faith counterclaim in Klein I seeking attorney's fees under Section 17.50(c) of the DTPA before the Kleins' original cause proceeded to trial. When the trial court granted the Kleins' motion to nonsuit, Dooley and Ernsts' counterclaim seeking attorney's fees remained. Therefore, Dooley and Ernst's counterclaim remained properly before the trial court because under Rule 162, the Kleins' nonsuit could not prejudice the

right of Dooley and Ernst to be heard on their pending claim for attorney's fees.

■ Having found that Dooley and Ernst's counterclaim was properly before the trial court, we now consider the Kleins' contention that the trial court erred in granting summary judgment in favor of appellees because it improperly applied the claims preclusion doctrine encompassing res judicata and compulsory counterclaims to the facts of this case. The trial court granted interlocutory summary judgments in favor of Dooley and the Ernsts, and final summary judgment as to all appellees on May 23, 1995, but did not state the grounds for granting summary judgment. We will, therefore, uphold the judgment on any ground raised by the defendants, if it is supported by summary judgment proof. *See Weiman v. Addicks–Fairbanks Road Sand Co.*, 846 S.W.2d 414, 417–18 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

■ Rule 97(a) of the Texas Rules of Civil Procedure dictates that a pleading shall assert a compulsory counterclaim if it meets six elements. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988). A counterclaim is compulsory if it (1) arises from the same transaction or occurrence as gave rise to the main cause of action; (2) is mature and owned by the counterclaimant; (3) is against an opposing party in the same capacity; (4) does not require third parties who cannot be brought into the suit; (5) is within the court's jurisdiction; and (6) is not pending elsewhere. *Id.*; *Weiman*, 846 S.W.2d at 418. "If a claim meets these elements, it must be asserted in the initial action." *Wyatt*, 760 S.W.2d at 247. If a defendant fails to assert a compulsory counterclaim, he is precluded from asserting the claim in later actions. *Id.*; *Weiman*, 846 S.W.2d at 418.

■ The Kleins assert two arguments in support of their contention that summary judgment was improper. First, the Kleins argue that the Klein II claims do not arise out of the same transaction as did the Klein I DTPA bad faith claim. To determine if a claim arises out of the same transaction or occurrence, Texas courts apply the "logical relationship" test. *Jack H. Brown & Co. v. Northwest Sign Co.*, 718 S.W.2d 397 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Under this test, a transaction is flexible, comprehending a series of many occurrences logically related to one another. *Id.* at 399; *Tindle v. Jackson Nat. Life Ins. Co.*, 837 S.W.2d 795, 798 (Tex.App.—Dallas 1992, no writ). To arise from the same transaction, at least some of the facts must be relevant to both claims. *Id.* at 400; *Tindle*, 837 S.W.2d at 798. In addition, the Texas Supreme Court recently drew a parallel between the transactional approach embodied in the compulsory counterclaim rule and the transactional approach to res judicata. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628–30 (Tex.1992); *Weiman*, 846 S.W.2d at 419. Under *Barr*, factors to consider in determining whether events constitute the same transaction include (1) their relatedness in time, space, origin, or motivation; (2) whether, taken together, they form a convenient unit for trial purposes; and (3) whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage. *Id.* at 631 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24 cmt. b (1980)); *see also Getty Oil v. Ins. Co. of N. Am.*, 845 S.W.2d 794 (Tex.1992), *cert. denied*, 510 U.S. 820, 114 S.Ct. 76, 126 L.Ed.2d 45 (1993).

■ The summary judgment proof[1] reflects that the same factual circumstances gave rise to the Klein I bad faith claim and the Klein II claims for negligence, violations of Section 27.01 of the Texas Business and Commerce Code and Article 6573a of the Texas Revised Civil Statutes. The factual issue in both cases was whether Jones and the Ernsts failed to disclose that the house they sold the Kleins had a history of flooding before the sale. Combining the claims of Klein II with the claims of bad faith asserted in Klein I would form a convenient trial unit because the underlying basis of the bad faith litigation stemmed from the factual issues raised in Klein II. This combination would

---

1. Dooley, the Ernsts, and Jones's summary judgment proof includes the Kleins' live pleading, Dooley's counterclaim, and the final judgment in Klein I, as well as the Kleins' live pleading in Klein II. Jones's proof also includes the Findings of Fact and Conclusions of Law from Klein I.

have been consistent with the parties achieving a comprehensive conclusion to their business relationship and resolving all lingering issues connected with the sale of the house. Thus, we find the events which formed the basis of Klein II arose from the same transaction or occurrence as gave rise to Klein I.

Next, the Kleins argue that Klein II cannot be a compulsory counterclaim to Klein I because Elyse Ernst and Matthew Jones were not parties to Klein I. The Kleins assert that Rule 97(a) requires an identity between the parties of the first and second suits.

Rule 97(a) provides that a counterclaim is compulsory if the pleader states a claim against *any opposing party in the same capacity* in which *that party* brought suit, and the opposing party is subject to the jurisdiction of the trial court. *Wyatt,* 760 S.W.2d at 247; *see also Goins v. League Bank and Trust,* 857 S.W.2d 628, 630 (Tex.App.—Houston [1st Dist.] 1993, no writ). The summary judgment record reflects that both Klein I and Klein II involved Dooley and Steve Ernst, in their capacities as broker and real estate agent. Thus, Dooley and Steve Ernst were clearly opposing parties in the same capacity in which they brought suit and, as to them, the claims brought in Klein II were compulsory counterclaims in Klein I. However, because Klein II added Elyse Ernst and Matthew Jones, we must decide whether they are "opposing parties" as required by Rule 97(a).

This court in *Weiman* interpreted Rule 97(a) to require an identity between the parties of the first and second suits. *Weiman,* 846 S.W.2d at 420; *see also Tindle v. Jackson Nat. Life Ins. Co.,* (Tex.App.—Dallas 1992, no writ) (holding that where an agent was not a party to an interpleader action brought by insurance company, the compulsory-counterclaim rule did not bar subsequent suit against him). Nevertheless, Jones and Elyse Ernst maintain that because of the close relationship between res judicata and compulsory counterclaim Rule 97 extends the identity of parties requirement to those in privity with the original parties. In this case, Jones and Elyse Ernest contend they were in privity with the Klein I defendants; therefore, the Kleins were barred from asserting Klein II claims against them as well as against Dooley and Steve Ernst.

■■■ The compulsory counterclaim rule, like the doctrine of res judicata, is a form of claim preclusion and is designed to avoid a multiplicity of lawsuits. *See Tindle,* 837 S.W.2d at 798. "The policies behind the doctrine [of claim preclusion] reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Barr,* 837 S.W.2d at 629. As mentioned above, Texas courts have drawn parallels between the two concepts and have utilized the same definitions in interpreting both rules. Under traditional claim preclusion principles, such as res judicata and collateral estoppel, a judgment on a previous suit bars a subsequent suit by all who were parties to the first suit, and all who are in privity with the parties to the first suit. Because of the similarity between res judicata, collateral estoppel and compulsory counterclaims, we find that the identity requirement of 97(a) extends to those in privity with the parties to the first suit. To hold otherwise would defeat the rationale and purpose of the rule. *See e.g. Getty Oil,* 845 S.W.2d at 800.

■■■ The determination of who are privies requires careful examination into the circumstances of each case as it arises. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971). Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, or successors in interest to the party. *Getty Oil,* 845 S.W.2d at 800–801. It may also include persons who are vicariously responsible for the conduct of the party to the first suit. *Id.* at n. 8; *Hammonds v. Holmes,* 559 S.W.2d 345 (Tex. 1977).

Here, Jones and Elyse Ernst were in privity with Dooley and with Steve Ernst. Jones was the principal in the real estate transaction and Steve Ernst was Jones' agent. As Jones' agent, Steve represented Jones' interests in Klein I. Elyse Ernst was in privity with both Steve Ernst and Dooley. Elyse was in privity with Steve Ernst due to their

relationship as co-agents in the transaction. She was in privity with Dooley under a theory of respondeat superior. Thus, under a common-law claims preclusion analysis, Jones and Elyse Ernst would be protected from suit in Klein II. Because Jones and Elyse Ernst were in privity with Dooley and Steve Ernst, the Kleins are barred by the compulsory counterclaim rule from asserting the claims raised in Klein II. The Kleins' first point of error is overruled.

 In their second point of error, the Kleins claim that if the summary judgment is affirmed in this case, they will be denied their right to due process under the provisions of the Texas Constitution. The Kleins base their constitutional challenge on the doctrine of stare decisis. Specifically, they allege that because courts have always recognized an absolute right to nonsuit under Rule 162, they cannot now be denied their right to proceed in Klein II. Contrary to the Kleins' assertion, based on the decisions cited in our analysis of point of error one, stare decisis requires a finding that their nonsuit could not prejudice the rights of the counterclaimants. The Kleins had their day in court, and based on the Findings of Fact and Conclusions of Law filed by the trial court, the issues were fully litigated. Because they chose to dismiss their claims, the Kleins cannot now claim their rights were violated. As stated by Justice Cannon in *Weiman*, "A party is not barred from litigating claims in a subsequent suit merely because he voluntarily withdrew those claims from an earlier suit, unless the withdrawal was with prejudice. However, such claims are still subject to the rules of procedure." *Weiman*, 846 S.W.2d at 421. Point of error two is overruled.

By cross-point, Jones asserts the trial court did not err in granting a partial summary judgment on the affirmative defense of limitations. Because we find the trial court properly granted summary judgment in favor of Jones as to all claims asserted by the Kleins under the doctrine of res judicata, we need not address the merits of this claim.

 Dooley also brings a cross-point, urging this court to assess sanctions pursuant to Rule 84 of the Texas Rules of Appellate Procedure. We have addressed this rule recently in *Color Tile, Inc. v. Ramsey*, 905 S.W.2d 620, 624 (Tex.App.—Houston [14th Dist.] 1995, no writ).

Rule 84 provides that the appellate court may award damages when the appellant takes an appeal for delay and without sufficient cause. However, appellate courts only assess sanctions where an appeal could have been taken only for purposes of delay and where no reasonable hope of reversal exists. *Valenzuela v. St. Paul Ins. Co.*, 878 S.W.2d 667, 671 (Tex.App.—San Antonio 1994, no writ). In determining whether sanctions for delay are appropriate, we view the record from the point of view of the advocate at the time the appeal was taken to determine whether reasonable grounds existed to believe the case should be reversed. *Olmos v. Pecan Grove Mun. Util. Dist.*, 857 S.W.2d 734, 742 (Tex.App.—Houston [14th Dist.] 1993, no writ) (quoting *Ambrose v. Mack*, 800 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, writ denied)). We apply Rule 84 only with prudence, caution, and after careful deliberation. *Francis v. Marshall*, 841 S.W.2d 51, 54 (Tex.App.—Houston [14th Dist.] 1992, no writ).

*Id.* Appellate courts are reluctant to sanction parties except in truly egregious circumstances. *City of Houston v. Crabb*, 905 S.W.2d 669, 676 (Tex.App.—Houston [14th Dist.] 1995, no writ). This is not one of those circumstances. Dooley's cross-point is overruled.

Accordingly, the judgment of the court below is affirmed.